| | |
|---|---|
| BOSE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>FENG CHEN d/b/a SELLBOSE.COM; DONGPENG TRADING COMPANY d/b/a NEWBOSE.COM; LIN ZHIFAN d/b/a BOSE-MONSTER.COM; ZHONGLIANG CHEN d/b/a BOSEEARHEADPHONES.COM; CHEN BING d/b/a GHDHAIRLOVELY.COM; MR. MA d/b/a GOODS-IN-CHINA.COM; YANG WENJIE d/b/a UYOUTRADE.COM; PTHUANGFENG d/b/a TNTSHOES.COM; FANG FANG d/b/a SHOEKING23.COM; XU XIAOQING d/b/a MAINHEADPHONES.COM; BRANDSDRAGON.COM; RUAN FA d/b/a EDHARDYHIVE.COM; PENG WANGYAN d/b/a ACCESSHEADPHONES.COM; CHENSHUJIN.COM; GOLEENOW d/b/a FEETTIMES.COM; PENG ZHANG d/b/a THECLOTHINGWHOLESALER.COM; RONDER TECHNOLOGY CO LTD d/b/a RONDERTECH.COM; HONG WORKOUT & EXTREME HOME FITNESS DVD SHOP d/b/a K-FA.COM; THE BEST EARPHONES XM NEWEST BOSINGLY CO. SHOP d/b/a MD0594.COM; WHOLESALE SOFTWARE DVD HOME FITNESS WORKOUT CO LTD d/b/a NFLJERSEY-AAA.COM; GUIHUI LI d/b/a BASEN; HOUYAZHAI2010 d/b/a HOUYAZHAI2013 d/b/a HOUYAZHAI2014 d/b/a HOUYAZHAI2016 d/b/a HOUYAZHAI2018 d/b/a HOUYAZHAI2020 d/b/a HOUYAZHAI2022; GUANGGUANG8668; YUXI518; HELLOKKTT; LAOZHANG8668; JOINTEK ELECTRON CO. LTD. d/b/a SZJOINTEK.CN; TYCOON TRADING LIMITED d/b/a EB2CTRADE.COM; HURRY TRADE CO. LTD. d/b/a | C.A. NO. 11-10563-GAO<br><br>[FILED UNDER SEAL PURSUANT TO 15 U.S.C. § 1116 AND LOCAL RULE 7.2]<br><br> |

| TECHNOLOGY HK LIMITED d/b/a AUTOOBDII.COM; MOTELITE LIMITED d/b/a MOTELITE.COM; HK NEW CHANNEL INTERNATIONAL CO. LTD. d/b/a NEWCHANNELTRADE.COM; B&D INTERNATIONAL TRADING CO. LTD. d/b/a U-PAYMORE.COM; KELUNTE TRADE CO. LTD. TRADEGBS.COM; LALA TECHNOLOGY CO LTD.; SHENZHEN TUOKUANDA TRADE CO. LTD.; INBRANDBIZ TRADE CO., LTD. d/b/a INBRANDBIZ.NET; LONGGOTO TRADING COMPANY d/b/a LONGGOTO.COM; XYZ COMPANIES; and JOHN and JANE DOES, |
| --- |
| Defendants. |

**TEMPORARY RESTRAINING ORDER, ORDER TO DISABLE CERTAIN WEB SITES, ASSET RESTRAINING ORDER, EXPEDITED DISCOVERY ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**

Bose Corporation ("Plaintiff" or "Bose"), having moved *ex parte* against Defendants FENG CHEN d/b/a SELLBOSE.COM; DONGPENG TRADING COMPANY d/b/a NEWBOSE.COM; LIN ZHIFAN d/b/a BOSE-MONSTER.COM; ZHONGLIANG CHEN d/b/a BOSEEARHEADPHONES.COM; CHEN BING d/b/a GHDHAIRLOVELY.COM; MR. MA d/b/a GOODS-IN-CHINA.COM; YANG WENJIE d/b/a UYOUTRADE.COM; PTHUANGFENG d/b/a TNTSHOES.COM; FANG FANG d/b/a SHOEKING23.COM; XU XIAOQING d/b/a MAINHEADPHONES.COM; BRANDSDRAGON.COM; RUAN FA d/b/a EDHARDYHIVE.COM; PENG WANGYAN d/b/a ACCESSHEADPHONES.COM; CHENSHUJIN.COM; GOLEENOW d/b/a FEETTIMES.COM; PENG ZHANG d/b/a THECLOTHINGWHOLESALER.COM; RONDER TECHNOLOGY CO LTD d/b/a

RONDERTECH.COM; HONG WORKOUT & EXTREME HOME FITNESS DVD SHOP d/b/a K-FA.COM; THE BEST EARPHONES XM NEWEST BOSINGLY CO. SHOP d/b/a MD0594.COM; WHOLESALE SOFTWARE DVD HOME FITNESS WORKOUT CO LTD d/b/a NFLJERSEY-AAA.COM; GUIHUI LI d/b/a BASEN; HOUYAZHAI2010 d/b/a HOUYAZHAI2013 d/b/a HOUYAZHAI2014 d/b/a HOUYAZHAI2016 d/b/a HOUYAZHAI2018 d/b/a HOUYAZHAI2020 d/b/a HOUYAZHAI2022; GUANGGUANG8668; YUXI518; HELLOKKTT; LAOZHANG8668; JOINTEK ELECTRON CO. LTD. d/b/a SZJOINTEK.CN; TYCOON TRADING LIMITED d/b/a EB2CTRADE.COM; HURRY TRADE CO. LTD. d/b/a HURRYTRADE.COM; UNIQUE ELECTRONIC TECHNOLOGY HK LIMITED d/b/a AUTOOBDII.COM; MOTELITE LIMITED d/b/a MOTELITE.COM; HK NEW CHANNEL INTERNATIONAL CO. LTD. d/b/a NEWCHANNELTRADE.COM; B&D INTERNATIONAL TRADING CO. LTD. d/b/a U-PAYMORE.COM; KELUNTE TRADE CO. LTD. TRADEGBS.COM; LALA TECHNOLOGY CO LTD.; SHENZHEN TUOKUANDA TRADE CO. LTD.; INBRANDBIZ TRADE CO., LTD. d/b/a INBRANDBIZ.NET; LONGGOTO TRADING COMPANY d/b/a LONGGOTO.COM; XYZ COMPANIES; and JOHN and JANE DOES (collectively, "Defendants") for a Temporary Restraining Order, Order to Disable Certain Web Sites, Asset Restraining Order, Expedited Discovery Order and Order to Show Cause for Preliminary Injunction (collectively, the "Order") pursuant to Federal Rule of Civil Procedure 65 and the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et seq.*, as amended by the Trademark Counterfeiting Act of 1984, Public Law 98-473 (October 12, 1984), the Anticybersquatting Consumer Protection Act of 1996, Pub. L.

3

104-153 (July 2, 1996), and the Prioritizing Resources and Organization for Intellectual Property Act of 2007, H.R. 4279 (October 13, 2008) (the "Lanham Act"), for the reason that Defendants are distributing, offering for sale and/or selling, via the Internet, goods bearing counterfeit reproductions of the Bose's federally registered trademarks, as listed in Bose's Complaint filed concurrently herewith and incorporated herein by reference, which trademarks (collectively, the "BOSE Marks") are owned and controlled by Bose and used in connection with products listed in Bose's Complaint and incorporated herein by reference (collectively, the "Bose Products"), and the Court having reviewed the Complaint, Memorandum of Law in support of the Order, supporting Declarations and exhibits submitted herewith, finds:

1. Bose has demonstrated that it is entitled to injunctive relief by establishing that it is likely to succeed in showing (a) it is likely to succeed on the merits, (b) that it is suffering irreparable injury in the absence of an injunction based on Defendants' distribution, offering for sale and sale of Counterfeit Products, (c) that the balance of hardships tips in Bose's favor and (d) that the public would not be disserved by the issuance of injunctive relief;

2. With respect to likelihood of success on the merits, Bose has demonstrated that it is likely to succeed in showing that its BOSE Marks are valid and protectable and entitled to protection;

3. Further with respect to likelihood of success on the merits, Bose has demonstrated that it is likely to succeed in showing that Defendants are manufacturing, distributing, offering for sale and/or selling audio products bearing counterfeits of the

BOSE Marks ("Counterfeit Products") to buyers in the United States, including in this Judicial District;

4. Further with respect to likelihood of success on the merits, Bose has demonstrated that it is likely to succeed in showing Defendants are selling Counterfeit Products by operating a network of web sites ("Defendants' Infringing Web Sites") resolving at various domain names set forth in **Exhibit 1** attached hereto, including, without limitation, the following domain names containing the BOSE Marks:

- bosebuynow.com
- bosecables.com
- Boseearheadphones.com
- boseearphonestore.info
- Boseheadphoneonsale.com
- boseinear.com
- Bose-monster.com
- boseonear.com
- Boseonsale.com
- bose-quietcomfort.com
- boseswell.com
- boseus.us
- cheap-boseheadphone.com
- inearbose.com
- newbose.com
- p90xbose.com
- salebose.com
- sellbose.com
- uboseinear.com
- winbose.com

(collectively, the "Infringing Domain Names");

5. The distribution, offering for sale and sale of Counterfeit Products will result in immediate and irreparable injury to Bose if injunctive relief is not granted;

6. Defendants have gone to great lengths to conceal themselves and their ill-gotten proceeds from Bose's and this Court's detection including by using multiple false identities and addresses associated with their operations and purposely-deceptive contact information;

7. Defendants would likely destroy, move, hide or otherwise make the Counterfeit Products, Defendants' means of selling and distributing Counterfeit Products, financial accounts used in connection with the sale of Counterfeit Products, and business

5

records relating thereto inaccessible to the Court if Bose were to proceed on notice to Defendants, thus frustrating the ultimate relief Bose seeks in this action;

8. Bose's harm from denial of the requested *ex parte* Order would outweigh any harm to Defendants' legitimate interests from granting such an Order;

9. Bose has represented that it has not publicized the requested Order;

10. Bose has provided the United States Attorney with reasonable notice of this application for an Order;

11. Entry of an order other than the requested Order would not adequately achieve the purposes of the Lanham Act to preserve Bose's equitable remedies for trademark counterfeiting, including, *inter alia*: the restraint of Defendants' counterfeiting operations including Defendants' Infringing Web Sites, the disabling of Defendants' means of distributing, offering for sale and selling Counterfeit Products, the acquisition of the business records relating to Defendants' operations, and preservation of Bose's right to an equitable accounting of proceeds from Defendants' sale of Counterfeit Products.

THEREFORE, IT IS HEREBY ORDERED that the Defendants appear to show cause on the 25th of April, 2011 at 2:30 ~~a.m.~~ (p.m.) or as soon thereafter as counsel can be heard, in Courtroom 9, in the United States District Court for the District of Massachusetts, why an Order pursuant to Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act should not be entered granting the Plaintiff a preliminary injunction as follows:

(a) Enjoining and restraining Defendants, their officers, agents, servants and employees and any persons in active concert or participation with them from:

(i) using the BOSE Marks or any reproduction, counterfeit, copy or colorable imitation of the BOSE Marks in connection with the distribution, advertising, offer for sale and/or sale of merchandise not the genuine products of Bose; and

(ii) passing off, inducing or enabling others to sell or pass off any Counterfeit Products as and for Bose Products; and

(iii) shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing or disposing of in any manner headphones or other items falsely bearing the BOSE Marks, or any reproduction, counterfeit, copy or colorable imitation of same; and

(iv) utilizing the Infringing Domain Names and registering any additional domain names that use or incorporate any of the BOSE Marks; and

(v) operating and/or hosting Defendants' Infringing Web Sites.

(b) Restricting the transfer of Defendants' assets pursuant to the provisions of this Order hereinafter set forth.

(c) Ordering the domain name registries, including but not limited to VeriSign, Inc., NeuStar, Inc., and Public Interest Registry and/or the individual registrars holding or listing one or more domain names used in conjunction with Defendants' Infringing Web Sites, to disable these domain names, through a registry hold or otherwise, and make them untransferable until further order from this Court.

IT APPEARING to the Court that Defendants are distributing, offering for sale and/or selling Counterfeit Products, including via Defendants' Infringing Web Sites, and will continue to carry out such acts unless restrained by Order of the Court, it is hereby:

ORDERED, that pending the hearing on Bose's application for a Preliminary Injunction, Defendants, including their agents, servants, employees, confederates and any persons acting in concert or participation with them or third parties providing services

used in connection with Defendants' operations including, without limitation, any third party service providers, including without limitation the online B2B selling platforms DIYTrade.com, iOffer.com, Alibaba.com and EC21.com and Internet service providers, back-end service providers, web designers, search engine or ad-word providers, shippers, domain name registrars and domain name registries, having knowledge of this Order by service, actual notice or otherwise be, and are, hereby temporarily restrained from:

    (a)    Committing any of the acts set forth in subparagraphs (a)(i)-(v) above;

    (b)    Moving, destroying, or otherwise disposing of any items, merchandise or documents relating to the Counterfeit Products, Defendants' Infringing Web Sites, and/or Defendants' assets and operations; and

    (c)    Removing, destroying or otherwise disposing of any computer files, electronic files, business records, or documents relating to Defendants' Infringing Web Sites, Defendants' assets and operations or relating in any way to the manufacture, acquisition, purchase, distribution or sale of Counterfeit Products or any reproduction, counterfeit, copy or colorable imitation of the BOSE Marks; and it is further

ORDERED, that discovery herein may begin immediately by Plaintiff by providing actual notice, pursuant to subpoena or otherwise, of this Order to any of the following: (1) Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them; (2) any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, PayPal, or other merchant account providers, payment providers, third party processors, credit card associations (e.g., MasterCard and VISA), which receive

payments or hold assets on Defendants' behalf; and (3) any third party service providers, including without limitation the online B2B selling platforms DIYTrade.com, iOffer.com, Alibaba.com and EC21.com and Internet service providers, back-end service providers, web designers, search engine or ad-word providers, shippers, domain name registrars and domain name registries who have provided services for Defendants; and it is further

ORDERED, that any third party providing services in connection with any Defendant, Defendants' B2B Web Pages and/or Defendants' Infringing Web Sites, including without limitation, the online B2B selling platforms DIYTrade.com, iOffer.com, Alibaba.com and EC21.com and Internet Service Providers ("ISP"), back-end service providers, web designers, search engine or ad-word providers, banks, merchant account providers including PayPal, third party processors and other payment processing services, shippers, domain name registrars and domain name registries (collectively "Third Party Providers") shall within seven (7) days after receipt of such notice, provide copies of all documents and records in such person or entity's possession or control relating to:

(a) The identities and addresses of Defendants, their agents, servants, employees, confederates, and any persons acting in concert or participation with them and the locations and identities of Defendants' operations, including without limitation, identifying information associated with Defendants' B2B Web Pages, Defendants' Infringing Web Sites, Infringing Domain Names and financial accounts

(b) Defendants' B2B Web Pages and Defendants' Infringing Web Sites;

(c) The Infringing Domain Names or any domain name registered by Defendants; and

(d) Any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including without limitation, PayPal, Inc., Western Union, or other merchant account providers, payment providers, third party processors, credit card associations (e.g., MasterCard and VISA).

ORDERED, that the Temporary Restraining Order shall remain in effect until the date for hearing on the Order to Show Cause set forth above, or such further dates as set by the Court, unless Defendants stipulate, or have not objected, to the Preliminary Injunction; and it is further

ORDERED, that Bose shall post a corporate surety bond, cash or a certified or attorney's check in the amount of ten thousand dollars($10,000) as security, determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful seizure or restraint hereunder; and it is further

ORDERED, that Bose may complete service of process on Defendants by electronic mail at the following eighty-nine (89) email addresses, which Bose has demonstrated will provide adequate notice to Defendants pursuant to Fed. R. Civ. P. 4:

| | |
|---|---|
| 165482921@qq.com | meshwork888@yahoo.com.cn |
| 2595215@gmail.com | michael.john5321@gmail.com |
| 477623178com@163.com | monster004sale@gmail.com |
| 9527sales@gmail.com | newbose@hotmail.com |
| accessheadphones@hotmail.com | newchannelsales@gmail.com |

| | |
|---|---|
| b2ctrading@yahoo.cn | newchannelsales@hotmail.com |
| basen1818@gmail.com | nikeprovide@hotmail.com |
| beautifihair@yahoo.cn | onlineshopper@hotmail.com |
| boonshoes2009@gmail.com | pengwangyan2@yahoo.cn |
| Boseearheadphones@hotmail.com | peter@goods-in-china.com |
| cathyunique@gmail.com | play5188@hotmail.com |
| cathyunique1@gmail.com | plum0018@163.com |
| Christine4Gozo@hotmail.com | remai6868@yahoo.com.cn |
| cwy9988@yahoo.com | rondergroup@gmail.com |
| davismicro@gmail.com | ruanfa@yahoo.cn |
| earphone2013@gmail.com | sales@fetttimes.com |
| eb2ctrade@gmail.com | sales@ghdhairlovely.com |
| eb2ctrade@hotmail.com | sales@goods-in-china.com |
| eb2ctradefinance@gmail.com | sales@hurrytrade.com |
| edhardyhive@yahoo.com.cn | salience666@yahoo.com.cn |
| energy.aaron@gmail.com | sd2011168@126.com |
| fengchen@yahoo.cn | sellbose@hotmail.com |
| fjlbbusiness@hotmail.com | sellbose@yahoo.com.cn |
| fjljg@163.com | shoeking2318@yahoo.com |
| guangguang8668@163.com | shoppertrade@yahoo.com.cn |
| guokaiwu8448@yahoo.com | sinceresellerjames@yahoo.com |
| hiluxuryshop@hotmail.com | stylecommerceltd@gmail.com |
| hjfamw@163.com | szjointek@gmail.com |
| houyazhai2010@gmail.com | tammy@rondertech.com |
| hsbuddy@yahoo.com | theclothingwholesaler@hotmail.com |
| hstradejacke@hotmail.com | topsummdomain@gmail.com |
| huacai555@gmail.com | tradegbs@gmail.com |
| hurrytrade@hotmail.com | tradegbsfinance@gmail.com |
| jack@hurrytrade.com | uniquecathy73@yahoo.com |
| joanna9991@gmail.com | uniquesale1@hotmail.com |
| kandas118@yahoo.cn | upaymore@gmail.com |
| kissflys@hotmail.com | urbanstoreclothes@yahoo.com.cn |
| laozhang8668@163.com | uyoutrade@hotmail.com |
| lian197@yahoo.com | xiaoxu5555@gmail.com |
| linzhxljw@hotmail.com | yannikeshoes@hotmail.com |
| liudongxing@hotmail.com | yannikeshoes@yahoo.com.cn |
| liuzhenggui1954@hotmail.com | yannikeshoes888@hotmail.com |
| lookbestdo@hotmail.com | zou1973@hotmail.com |
| lzf1997@163.com | zwwclp520@hotmail.com |

| mainheadphones@hotmail.com | |

and it is further

ORDERED, that sufficient cause having been shown, service of this Order together with the Summons and Complaint, which may be made on Defendants by electronic mail, and that such service shall be made forthwith, and in any event, within five (5) days from the date of this Order or at such time as may be extended by this Court; and it is further

ORDERED, that Bose's counsel file with the court within ten (10) business days after this Order is executed, an affidavit or declaration setting forth: (a) the date on which the Order was executed, (b) the date and means with which the Defendants' were served with a copy of the Order, and (c) a description of the domain names, websites and other assets that were disabled and/or restrained; and it is further

ORDERED, that in accordance with 15 U.S.C. § 1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendants and their officers, servants, employees and agents and any persons in active concert or participation with them, and any banks, savings and loan associations, payment processors or other financial institutions, including without limitation PayPal, Inc., or other merchant account providers, payment providers, or third party processors for any Defendant, any of Defendants' operations, Defendants' Infringing Web Sites or for any other website owned or controlled by Defendants, who receive actual notice of this Order, shall immediately locate all accounts connected to Defendants or Defendants' Infringing Web Sites and that such accounts be temporarily restrained and enjoined from transferring or disposing of any money or other of

Defendants' assets, not allowing such funds to be transferred or withdrawn, and it is further

ORDERED, that upon two (2) business day's written notice to the Court and Bose's counsel, any Defendant may, upon proper showing, appear and move for the dissolution or modification of the provisions of this Order concerning the restriction upon transfer of Defendants' assets; and it is further

ORDERED that, in accordance with 15 U.S.C. § 1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, the domain name registries, including but not limited to VeriSign, Inc., NeuStar, Inc., and Public Interest Registry, and/or the individual registrars holding or listing one or more of the domain names used in conjunction with Defendants' Infringing Web Sites shall, within three (3) days of receipt of this Order, temporarily disable these domain names, through a registry hold or otherwise, and make them inactive and untransferable pending further order from this Court; and it is further

ORDERED that, in accordance with 15 U.S.C. § 1116(a) and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, any third party providing services in connection with any Defendant and/or Defendants' websites, including without limitation ISPs, back-end service providers, affiliate program providers, web designers, and search engine or ad-word providers, shall immediately temporarily disable service to any and all Defendants' Infringing Web Sites; and it is further

ORDERED, that Defendants' answering papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Bose by delivering copies thereof to

13

the offices of Greenberg Traurig, One International Place, Boston MA, 02110 Attention: Victor H. Polk, Esq., before __5:00__ a.m./(p.m.) on __April 21__, 2011. Any reply shall be filed and served by Bose by the 22nd day of __April__, 2011; and it is finally

ORDERED, that this action shall remain sealed by the Court until the date for hearing on the Order to Show Cause set forth above, at which time the Clerk shall remove the seal.

Defendants are hereby given notice that failure to attend the hearing scheduled herein may result in confirmation of the seizure authorized herein, destruction or other disposition of the goods seized, if any, immediate issuance of the prayed-for Preliminary Injunction to take effect immediately upon expiration or dissolution of the Temporary Restraining Order, and shall otherwise extend for the pendency of this litigation relief upon the same terms and conditions as comprise this Temporary Restraining Order. Defendants are hereby given further notice they shall be deemed to have actual notice of the issuance and terms of such Preliminary Injunction and any act by them or any one of them in violation of any of the terms thereof may be considered and prosecuted as contempt of this Court.

SIGNED this __11th__ day of April 2011.

Entered at: 9:15 a.m.　　　　　　　　/s/ George A. O'Toole, Jr.
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT JUDGE